DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal is from the August 19, 2004 judgment of the Lucas County Court of Common Pleas, which granted summary judgment to appellee, Hastings Mutual Insurance Company, and found that it had no obligation to provide uninsured/underinsured motorist coverage ("UM/UIM") coverage to appellant, Dwight D. Kynard and Kim Kynard, in connection with an accident that occurred on February 27, 1998. Pursuant to Civ.R. 54(B), the trial court found that there was no just reason for delaying an immediate appeal of this case and designated its order as a final, appealable order. Because we find that the trial properly applied the law to the facts of this case, we affirm the decision of the lower court.
 {¶ 2} Appellant Dwight D. Kynard was injured in an automobile accident on February 27, 1998, which was allegedly caused by Glen Honaker. Kynard brought suit against Honaker for his negligence. Kynard further asserted that Brush Ridge Trucking (the owner and lessor of the semi-truck being driven by Honaker), Ohio Transport Corporation (the lessee of the semi-truck driven by Honaker), and several John Doe(s) were also liable for his losses under a theory of respondeat superior. Ohio Insurance Guaranty Association was also named as a defendant because Reliance Insurance Company, which insured Honaker, Brush Ridge Trucking, and Ohio Transport Corporation, had been placed in liquidation in 2001. Finally, because Kynard had to exhaust all potential avenues of recovery prior to recovery from the Ohio Insurance Guaranty Association, he also sought to recover his losses from his own insurance carrier, Hastings Mutual Insurance Company, under his automobile insurance policy provisions for UM/UIM coverage. Kim Kynard sought to recover her consortium losses from the same parties.
 {¶ 3} Appellants Dwight and Kim Kynard joined with appellants Honaker, Brush Ridge Trucking, and Ohio Transport Corporation to file for summary judgment. They argued that Hastings Mutual Insurance Company owes the Kynards UM/UIM coverage because the rejection form did not comply with the requirements of Linko v. Indemnity Ins. Co. of North America
(2000), 90 Ohio St.3d 445 in that it did not include an offer of coverage. Hastings Mutual Insurance Company also filed for summary judgment. It argued that Dwight Kynard's rejection of UM/UIM coverage was effective.
 {¶ 4} The undisputed facts in this case are that Dwight Kynard was initially insured on November 28, 1995 for the term of November 21, 1995 through May 21, 1996. This policy provided for liability coverage and UM/UIM coverage limits of $100,000/$300,000. The policy was renewed for the term of May 21, 1996 through November 21, 1996, with the same limits. However, on May 28, 1996, Dwight Kynard was sent a notice of cancellation because the premium had not been paid. Coverage was scheduled to be cancelled if payment was not made by June 13, 1996. Dwight Kynard paid the premium and coverage was reinstated as of June 3, 1996. However, on June 13, 1996, Dwight Kynard's insurance agent sent a request that Dwight Kynard's policy be changed to eliminate the medical payments and UM/UIM coverage from his existing policy. It is alleged that Dwight Kynard then signed the following undated form provided by the insurer:
 {¶ 5} "Rejection or selection of lower limits — Uninsured/underinsured motorists insurance
"In accordance with the provisions of the Ohio laws governing Uninsured Motorist Insurance, I have elected to:
[x] Reject Uninsured/Underinsured Motorist coverage; or
 Select lower limits of liability for this coverage than the limits I have selected for Bodily Injury Liability coverage (show limit selected below)
Uninsured/Underinsured Motorist Limited Selected: $____.

 /s/ Dwight D. Kynard
 SIGNATURE OF INSURED"

An amended policy was issued effective for the same time period without UM/UIM coverage but continued to provide medical payment coverage. Dwight Kynard renewed his amended policy for three more six-month periods under the same provisions (November 21, 1996 through May 21, 1997; May 21, 1997 through November 21, 1997; and November 21, 1997 through May 21, 1998). Therefore, Hastings Mutual Insurance Company alleges that at the time of the accident on February 27, 1998, appellant's policy did not provide for UM/UIM coverage.
 {¶ 6} Appellants argue that the rejection of UM/UIM coverage was not enforceable because it did not comply with any version of R.C. 3937.18. However, they argue that the S.B 20 version of the statute applies because that was the statute in effect at the time appellant allegedly rejected coverage. The basis of their argument is that the rejection form did properly offer coverage because it did not state the premium, describe the coverage, or state the coverage limits as required by law.
 {¶ 7} The trial court granted summary judgment in favor of appellee Hastings Mutual Insurance Co. It found that this appellate court and the Third District Court of Appeals have held that the court can look beyond the rejection form and consider the entire insurance agreement to determine if such coverage was properly rejected. After considering the entire insurance agreement in this case, the trial court held that the rejection of coverage was valid and that Hastings Mutual Insurance Company properly denied coverage to appellant in this case. The court's holding was premised upon the fact that Dwight Kynard had revoked his coverage after he had paid the premium and coverage limits for the prior six months. The Kynards, Honaker, Brush Ridge Trucking, and Ohio Transport Corporation appealed this decision. We have consolidated their assignments of error for our review.
 {¶ 8} Appellants Dwight and Kim Kynard assert the following single assignment of error on appeal:
 {¶ 9} "The trial court erred to the prejudice of the plaintiffs when it granted the motion for summary judgment of defendant appellee Hastings Mutual Insurance Company and denied the summary judgment motion of the appellants."
 {¶ 10} Appellants Honaker, Brush Ridge Trucking and Ohio Transport Corporation assert the following single assignment of error on appeal:
 {¶ 11} "The court below erred to the prejudice of all appellants by rendering judgment that appellee Hastings Mutual Insurance Company, which issued an automobile policy to appellant Kynard, did not have to provide un/underinsured motorist coverage because sometime years before, appellant Dwight Kynard signed an undated rejection that contained no offering language or description of the coverages but was nevertheless determined to be valid and applicable to subsequent policies issued by appellee."
 {¶ 12} On appeal, a ruling on a motion for summary judgment is reviewed de novo. Advanced Analytics Labs., Inc. v. Kegler, Brown, Hill Ritter, 148 Ohio App.3d 440, 2002-Ohio-3328, at ¶ 33. Therefore, we must determine if the requirements of Civ.R. 56(C) have been met. That rule provides that summary judgment is appropriate if:
 {¶ 13} "* * * there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * *"
 {¶ 14} We first address the issue of whether R.C. 3937.18 as enacted by S.B. 20 or by H.B. 261 applies to this case. The statute that was in effect at the time of the contract renewal period in which the accident occurred controls. Wolfe v. Wolfe (2000), 88 Ohio St.3d 246, 250, citingRoss v. Farmers Ins. Group (1998), 82 Ohio St.3d 281, 287. Because R.C.3937.31(A) requires two-year renewal periods, the renewal period in which the accident occurred in this case began on November 21, 1997. The version of R.C. 3937.18 in effect at that time was H.B. 261, effective September 3, 1997. That statute provided that an insurer was not required to offer UM/UIM coverage if such coverage had been previously rejected. R.C. 3937.18(C).
 {¶ 15} Appellants argue that the determination of the validity of the original rejection of coverage in 1996 and, therefore, whether the renewal provisions of R.C. 3937.18(C) applied, should be determined under the version of the statute in effect at the time of the rejection in 1996. Appellants rely upon Roberts v. Universal Underwriters Ins. Co.
(C.A. 6, 2003), 334 F.3d 505, 512. We agree. Because the policy in effect at the time of the accident relies upon a prior rejection of UM/UIM coverage, we must consider whether the rejection was proper under the version of R.C. 3937.18 in effect at the time of the rejection, which was S.B. 20, effective October 20, 1994.
 {¶ 16} Under either version of the statute, the existence of a valid offer and rejection of UM/UIM coverage must be apparent from the face of the insurance contract. Linko v. Indemnity Ins. Co. of North America
(2000), 90 Ohio St.3d 445, 450, and Kemper v. Mich. Millers Mut. Ins.Co, 98 Ohio St. 3d 162, 2002-Ohio-7101. The rejection of UM/UIM coverage can occur only after the insurer presents a proper written offer of UM/UIM insurance coverage describing the coverage, listing the premium, and stating the coverage limits. Furthermore, the rejection must be in writing and must be knowingly made. Linko, supra at 448-449, and Gyoriv. Johnston Coca-Cola Bottling Group, Inc., 76 Ohio St.3d 565,1996-Ohio-358, at paragraphs one and two of the syllabus. Although theLinko case was based upon S.B. 20, the requirements for rejection of coverage are also applicable to policies written after H.B. 261 and before S.B. 97. Kemper, supra, and Armbruster v. CGU Ins., 6th Dist. App. No. S-02-024, 2003-Ohio-3683, at ¶ 23 (the Linko case merely explains what the statute has meant since its enactment).
 {¶ 17} The insurer bears the burden of proving that the insured knowingly rejected the statutorily mandated coverage for UM/UIM coverage. Linko, supra, at 451 (Cook, J., dissenting) citing Ady v. WestAmerican Ins. Co. (1982), 69 Ohio St.2d 593, 597. Only after the revisions to the statute by H.B. 261, has extrinsic evidence been allowed to establish the elements of the offer once the insurer produced a signed written rejection of coverage by the insured. Hollon v. Clary,104 Ohio St.3d 526, 2004-Ohio-6772, at ¶ 14, and Kemper, supra. This court has specifically refused to extend this extrinsic evidence rule to permit facts relating to the rejection being proven by extrinsic evidence. Hicks-Malak v. Cincinnati Ins. Cos., 6th Dist. App. No. L-04-1272, 2005-Ohio-2745, at ¶ 26. Once rejected, UM/UIM coverage need not be offered again to the insured. R.C. 3937.18(C) and Hoskins v. StateFarm Mut. Auto Ins. Co. (1986), 26 Ohio St.3d 87.
 {¶ 18} Appellee first argues that the Linko requirements are applicable only to the initial contract for insurance and not to renewal polices. We disagree. The policy objectives behind the Linko requirements apply equally to the rejection of UM/UIM coverage at the time the initial contract for insurance is created or when the policy is renewed.
 {¶ 19} However, we do find that the application of the Linko
requirements are met under different circumstances in renewal situations. Appellants argue that the offer and rejection are combined in this case and, therefore, are ineffective because the document does not describe the UM/UIM coverage, state the premium, or state the coverage limits. Appellee argues that we must consider the originally issued renewal policy, as well as the amended renewal policy, to determine whether there was a proper offer of coverage.
 {¶ 20} We agree with appellee. Where an insured desires to reject UM/UIM coverage after the renewal policy period has begun, the policy originally issued can constitute the offer of UM/UIM coverage. However, the policy must have explained the coverage, set forth the premium, and listed the coverage limits. Raymond v. Sentry Ins., 6th Dist. App. No. L-01-1357, at 9-10, 2002-Ohio-1228. While the Third District Court of Appeals reached a similar result in Coldwell v. Allstate Ins. Co., 3d Dist. App. No. 3-03-04, 2003-Ohio-5139, at ¶ 13, it did so by considering the originally issued policy as part of the amended renewal "agreement." Our holding is simply based upon the fact that all of the information needed by the insured to make a knowledgeable rejection of UM/UIM coverage was presented in his insurance contracts.
 {¶ 21} This holding is consistent with our recent decision inHicks-Malak v. Cincinnati Ins. Cos., 6th Dist. App. No. L-04-1272, 2005-Ohio-2745, at ¶ 24-26. In the Hicks-Malak case, we emphasized that the offer and rejection must be apparent from the face of the contract. Id. Our concern was that there was no documentation in the insurance contract to establish that the parent corporation had authority to reject UM/UIM coverage on behalf of the subsidiary. In the case before us, there is evidence on the face of the sequential insurance contracts between the parties that demonstrates that an offer and rejection of coverage was made. No extrinsic evidence was needed to prove that there was an offer and rejection of coverage.
 {¶ 22} Appellants also raise two arguments with respect to the rejection form. The first argument is that the rejection form was undated and therefore there is no evidence to relate it to any policy renewal period. The second issue is that the rejection form was never made part of the policy and is itself extrinsic evidence. Because neither of these issues were raised in the proceedings below, the trial court never addressed these issues. The failure to raise the issue in the trial court results in wavier of the issue on appeal. Goldfuss v. Davidson,79 Ohio St.3d 116, 121, 1997-Ohio-401.
 {¶ 23} Accordingly, we find appellants' assignments of error not well-taken.
 {¶ 24} Having found that the trial court did not commit error prejudicial to appellants and that substantial justice has been done, the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellants are hereby ordered to pay the court costs incurred on appeal.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Singer, P.J., Skow, J., Concur.